# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00570-CR

**Eric Byron Crayton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR-2012-225, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Eric Byron Crayton appeals his judgment of conviction for tampering with physical evidence. *See* Tex. Penal Code § 37.09(a)(1). The State has filed a *Motion to Order a Supplemental Reporter's Record* in this Court, after making a request for the preparation of a supplemental reporter's record directly to the court reporter. The State indicates in its motion that State's Exhibit #73 in the appellate record, a recording of an interview with appellant, is incomplete as it contains only a portion of the recording admitted at trial. The State seeks to supplement the record with the full version of the recording. Appellant, however, has filed an objection to the State's attempted supplementation of the record, noting that the appellate record already contains a State's Exhibit #73, which the court reporter has certified to be true and accurate. Appellant asserts that the State should utilize the remedy in Texas Rule of Appellate Procedure 34.6(e) regarding

inaccuracies in the reporter's record. In response, the State has filed a supplemental motion to supplement the record contending that its request seeks to supplement the reporter's record with omitted material pursuant to Texas Rule of Appellate Procedure 34.6(d) and does not concern an inaccuracy in the record. We disagree. State's Exhibit #73 has not been omitted from the record; it is contained in the reporter's record filed in this appeal. However, the State maintains that the exhibit contained in the record as State's Exhibit #73 is incomplete as it does not represent the exhibit as it was admitted at trial. This is a contention that the exhibit is inaccurate.

Accordingly, we abate this appeal and remand this cause to the trial court. *See* Tex. R App. P. 34.6(e)(3) (if dispute concerning accuracy of court reporter's record arises after reporter's record has been filed in appellate court, appellate court may submit dispute to trial court for resolution). The trial court shall—after notice and hearing—settle the dispute regarding the inaccuracy of State's Exhibit #73. *See* Tex. R. App. P. 34.6(e)(2). If the court finds any inaccuracy, it shall order the court reporter to conform the reporter's record, including any text and exhibits, to what occurred in the trial court, and to file certified corrections in this Court. *See* Tex. R. App. P. 34.6(e)(2). Following the hearing, which shall be transcribed, the trial court shall order the appropriate supplemental clerk's and reporter's records—including all findings and orders and any certified corrections—to be prepared and forwarded to this Court no later than July 31, 2015.

It is so ordered on this the 2nd day of July, 2015.

Before Justices Puryear, Goodwin, and Bourland

Abated and Remanded

Filed:   July 2, 2015

Do Not Publish